**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CURTIS TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:24-cv-01028-SHM-tmp |
| | ) | |
| JERRY WARDLOW, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET;**
**DISMISSING THE CONSOLIDATED COMPLAINT (ECF NOS. 1 & 2);**
**GRANTING LEAVE TO AMEND;**
**DENYING PENDING MOTIONS (ECF NOS. 4 & 5)**

On January 26, 2024, Plaintiff Curtis Taylor, Tennessee Department of Correction ("TDOC") prisoner number 317178, who is incarcerated at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  On February 22, 2024, Taylor filed (1) a motion for injunction or temporary restraining order (ECF No. 4) and (2) a motion for appointment of counsel (ECF No. 5) (collectively, the "Pending Motions").  On June 26, 2024, the Court granted Taylor's motion for leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 9.)

Taylor's seven (7) page complaint (ECF No. 1 at PageID 1-7) was filed with an eight (8) page letter in support.  (ECF No. 2 (sealed) (the "Letter").)  The Court CONSOLIDATES the

complaint (ECF No. 1) and the Letter (ECF No. 2) as the "Consolidated Complaint" for the purpose of screening Taylor's claims pursuant to the PLRA.

The Consolidated Complaint is construed to allege claims of: (1) failure to protect, (2) violations of TDOC policy, (3) denial of medical care and (4) wrongful discipline.  (ECF Nos. 1 & 2 at PageID 1, 4. & 1-8.)  Taylor sues ten (10) Defendants: (1) former HCCF Warden Jerry Wardlow[1]; (2) Sgt. Purtle; (3) Lt. Smith; (4) Sgt. Wills; (5) C.O. Olsborn; (6) Mr. Williams, a unit manager[2] at the HCCF; (7) Ms. Williams, a protective custody counselor at the HCCF; (8) Ms. Rixie, a nurse at the HCCF; (9) Ms. Hall, a nurse at the HCCF; and (10) Mr. D. Hoog, a nurse at the HCCF.  (ECF No. 1 at PageID 1-4; ECF No. 2 at PageID 15-16.)  Taylor sues each defendant in the defendant's individual capacity only. (ECF No. 1 at PageID 1.)

Taylor seeks: (1) an order for his protection; (2) sanctions against Defendants for violating his civil rights; (3) policy changes and enforcement of TDOC policies about protective services; (4) eighty thousand dollars ($80,000.00); and (5) ten thousand dollars ($10,000.00) from each Defendant.[3]  (ECF No. 1 at PageID 4; *see* ECF No. 2 at PageID 17-19.)

The Clerk is DIRECTED to modify the docket to add (1) Ms. Williams, (2) Ms. Rixie, (3) Ms. Hall, and (4) Mr. D. Hoog as Defendants.

---

[1]     Robert Adams, Jr. is the current HCCF Warden.  TN Department of Correction, Hardeman County Correctional Facility (last accessed July 25, 2024).

[2]     Throughout the Consolidated Complaint, Taylor refers to case/unit manager Ms. Williams as case/unit manager Mr. Williams.  (*See* ECF No.2 at PageID 14.)

[3]     Taylor says he wants eighty thousand dollars ($80,000.00) and ten thousand dollars ($10,000.00) from each of the ten Defendants.  (ECF No. 1 at PageID 4.)  The Court cannot determine from the Consolidated Complaint whether Taylor is seeking $10,000.00 from each Defendant, in addition to the $80,000.00.

For the reasons explained below: (1) Taylor's claim for violations of TDOC policy is DISMISSED WITH PREJUDICE; (2) all other claims in the Consolidated Complaint are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief; and (3) the Pending Motions (ECF Nos. 4 & 5) are DENIED.

## I.   **BACKGROUND**

Taylor alleges that was stabbed seventeen (17) times by "gang members who were trying to kill me." (ECF No. 1 at PageID 4.)  He contends that, in violation of TDOC policy, he was refused protective custody on August 27, 2022.  (*Id.*)

Taylor alleges that, on September 30, 2023, he and his cellmate "got into a[] fight [in] which [Taylor] was assaulted and [his] finger [was] broken.  (*Id.*; *see* ECF No. 2 at PageID 14.) Taylor alleges that seven to eight inmates, who were all CRIPS gang members, attacked Taylor. (*Id.*)[4]  When Purtle and Mr. Williams asked what happened, Taylor initially said he shut his hand in the door before admitting that he was in a fight with his cellmate.  (*Id.*)  Taylor showed Purtle his finger, told her it was broken, and asked to be taken to medical.  (*Id.* at PageID 15.)

Taylor saw Ms. Rixie in the medical center. (*Id.*)  Ms. Rixie did not believe his finger was broken and denied Taylor's request for an x-ray.  (*Id.*)  Taylor was sent back to segregation.[5]  (*Id.*)

 On October 1, 2023, Taylor told Smith, Olsburn, and Ms. Wills[6] that his finger was broken and requested medical attention.  (*Id.*)  Taylor's request was denied.  (*Id.*)On October 6, 2023,

---

[4]     Taylor alleges that there is video footage of the CRIPS entering Taylor's cell.  (ECF No. 2 at PageID 17.)

[5]     It is unclear from the Consolidated Complaint who sent Taylor back to segregation.
[6]     It is unclear from the Consolidated Complaint whether Taylor is  referring to Defendant Ms. Williams.  (ECF No. 2 at PageID 15.)

Taylor told Ms. Williams that "I couldn't go back to the compound", and Ms. Williams then told Taylor that he had been denied protective custody.  (*Id.* at PageID 15-16.)

On October 6, 2023, Hoog said that Taylor's finger was not broken when Hoog examined Taylor.  (*Id.* at PageID 16-17.)  Hoog had not seen an x-ray of the finger.  (*Id.* at PageID 16.)

On October 14, 2023, Hall x-rayed Taylor's finger and determined that it was broken.  (*Id.* at PageID 15.)  Taylor alleges that Wardlow agreed with Taylor about the delay in Taylor's finger being x-rayed and failing to send Taylor to "outside medical."  (*Id.* at PageID 17.)

Taylor alleges he has been denied requests to be placed in protective custody on several occasions and that he has been disciplined when he refused to return to general population.  (ECF No. 1 at PageID 4; ECF No. 2 at PageID 16-19.)  Taylor alleges that, "no officer…follows any rule, policy, [P]rocedure.  They just do whatever they want[,] and pick and choose what to do." (*Id.* at PageID 18.)

## II.    SCREENING THE COMPLAINT

### A.  LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Under those standards, the Court

accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

Courts screening cases accord more deference to *pro se* complaints than to complaints drafted by lawyers.  "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## B.  <u>REQUIREMENTS TO STATE A CLAIM UNDER § 1983</u>

Taylor sues under 42 U.S.C. § 1983.  (ECF No. 1 at PageID 1.)  To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

III.   **ANALYSIS**

Taylor alleges claims of (1) failure to protect/denial of protective custody; (2) TDOC policy violations; (3) denial or delay in receiving medical care when he was physically attacked by CRIPS gang members and was refused an x-ray until about two weeks after the incident; and (4) wrongful discipline when he was disciplined for his refusal to return to general population.

A.   **FAILURE TO PROTECT**

Taylor's allegations that the Defendants[7] failed to protect him amount to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (quotations omitted) (noting that prison officials "must take reasonable measures to guarantee the safety of the inmates" and "to protect prisoners from violence at the hands of other prisoners"). "[N]ot all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).

To state a claim under the Eighth Amendment, a plaintiff must satisfy an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). That is, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with

_____

[7] It is unclear from the Consolidated Complaint's generalized references to "defendants" the particular Defendant(s) against whom Taylor makes these allegations.

the requisite intent; that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991). Thus, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837-38. In the context of a failure-to-protect claim, a prison officer will not be held liable without a showing that the official "should have been aware of the reasonable likelihood of a potential attack and intervened earlier." *Carico v. Benton, Ireland, & Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003).

Taylor has not alleged that Defendants had knowledge that he was at risk of harm before the September 30, 2023 incident. Taylor's claims appear to be assertions of a failure to protect by failing to place him in protective custody after the September 30, 2023 incident.

Taylor does not allege sufficiently specific conduct for his failure-to-protect claim to rise to the level of a constitutional violation. Taylor names Jerry Wardlow, Sgt. Purtle, Lt. Smith, Sgt. Wills, Olsborn, Mr. Williams, and Ms. Williams as Defendants (ECF No. 1 at PageID 1-4), but Taylor does not allege facts demonstrating how their involvement in the events alleged in the Consolidated Complaint rises to the level of unconstitutional failure to protect. (*See* ECF Nos. 1 & 2.) [8] When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Because Taylor fails to plead what actions each of the Defendants took, or failed to take, that violated Taylor's rights, he fails to state a claim against Defendants in their individual capacities.

---

[8] Ms. Williams notified Taylor that his request for protective custody had been denied, but the allegations are unclear about who denied the request. (ECF No. 2 at Page ID 15-16.)

Taylor asserts that Wardlow should be held liable, but has not alleged any level of personal involvement. As alleged, the extent of Wardlow's involvement is a failure to act. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Plaintiff fails to state a claim against Wardlow.

Taylor's failure to protect claim is DISMISSED WITHOUT PREJDICE for failure to state a claim for relief.

### B.  TDOC POLICY VIOLATIONS

Taylor alleges Defendants violated TDOC policy.[9] (ECF No. 1 at PageID 4; ECF No. 2 at PageID 18-21.) Even if Defendants failed to follow TDOC policy, Taylor does not state a claim of constitutional magnitude. An inmate's allegation that correctional officials failed to follow a correctional facility's administrative policies does not by itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007). After the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995), mandatory language in prison regulations does not create a liberty interest protected by the Due Process Clause. *See Rienholtz v. Campbell*, 64 F. Supp. 2d 721, 728–30 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (citing *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995)).

Section1983 does not provide a remedy for violating state laws or regulations. *Lewellen v. Metro. Gov't*, 34 F.3d 345, 347 (6th Cir. 1994); *see also Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (finding a violation of a prison regulation is not

---

[9]      Taylor refers to TDOC policy 404.09 in his initial complaint and to 404.09 and 404.05 in the Letter. (ECF Nos. 1 & 2 at Page ID 4 and 20, 21.) ] It is unclear from the Consolidated Complaint's generalized references to "defendants" the particular Defendant(s) against whom Taylor makes these allegations.

actionable under § 1983) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)).  Taylor does not have a constitutional right to have prison personnel follow the prison's policies.

Taylor's claims of violations of TDOC policy against Defendants in their individual capacities are DISMISSED WITH PREJUDICE for failure to state a claim to relief.

**C.  MEDICAL CARE**

Taylor alleges his finger was broken and he was denied x-rays to confirm that.  (ECF No. 2 at PageID 14-17).  The Court reviews claims regarding the denial of medical care under the Eighth Amendment, which prohibits cruel and unusual punishments.  *See generally Wilson*, 501 U.S. 294, 297.  Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' *Gregg v. Georgia*, supra, at 173, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment."  Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  *Id.* at 105.  To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."  *Id.* at 106.

An Eighth Amendment claim of denial of medical care consists of both objective and subjective components.  *Farmer*, 511 U.S. 825, 834; *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298.  The objective component of that claim requires that a prisoner have a serious medical need.  *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994).  "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even

a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897; *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009); *Woods v. Lecureux*, 110 F.3d 1215,1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless the official subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not amount to cruel and unusual punishment. *Id.* at 838. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, 109 F. App'x 770, 771 (6th Cir. 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)).

Taylor's allegation that his finger was broken and not x-rayed immediately amounts to a disagreement about whether he required treatment and the timing of that treatment. (ECF No. 2 at PageID 14-17). Disagreement about the course of treatment does not support a proper claim under § 1983. *Estelle*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to

constitutionalize claims which sound in state tort law.").  Negligence or medical malpractice does not amount to a constitutional violation.  *See Farmer*, 511 U.S. at 835-36; *Estelle*, 429 U.S. at 106

For these reasons, Taylor's claim for denial of medical care is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

### D.  **WRONGFUL DISCIPLINE**

Taylor alleges he has been unlawfully held in segregation and punished for refusing to go back to general population.  (ECF No. 2 at PageID 18.)  Allegations about placement in administrative segregation address a liberty interest that is protected by the Due Process Clause. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  ("[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish one of these interests at stake."). To establish such an interest, a plaintiff must show that being deprived of a right or interest imposes an "atypical and significant hardship" relative to the ordinary circumstances of prison life. *Sandin*, 515 U.S. 472, 484 (finding that mere "placement in administrative segregation was not an atypical and significant hardship, as intended by *Sandin*").

Administrative segregation is considered atypical and significant only in "extreme circumstances," *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008)), such as a "prolonged or indefinite" period in restrictive conditions, *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 344 (6th Cir. 2014) (citing *Wilkinson*, 545 U.S. at 224). An approximate three-week stay in segregation is insufficient to establish a cognizable due process claim. *See*, *e.g.*, *Bishawi*, 628 F. App'x at 344 (holding sixty-nine days in administrative segregation did not constitute a due process violation); *Joseph*, 410 F. App'x at 868 (holding sixty-one days in segregation is not atypical and significant).

11

Plaintiff's claim that he was placed in administrative segregation based on false representations fails to implicate Plaintiff's constitutional rights. Inmates possess no right to be free from charges or convictions of prison disciplinary offenses. *Wolff v. McDonnell*, 418 U.S. 539, 564–71 (1974). That is true even if the charge later turns out to be unfounded. *Person v. Campbell*, No. 98–5638, 1999 WL 454819, at *1 (6th Cir. June 21, 1999) (table) ("[T]he filing of false disciplinary charges against an inmate does not constitute a constitutional violation redressable under § 1983.") (citing *Riley v. Church*, Nos. 95-1192, 95-1193, 1996 WL 145846 (6th Cir. Mar. 29, 1996)).

For these reasons, Taylor's claim for wrongful discipline against Defendants in their individual capacities is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

## IV.   MOTION FOR APPOINTMENT OF COUNSEL

Taylor requests counsel because his issues are complex, he has no access to the law library, and he is locked down in segregation. (ECF No. 5 at PageID 27.)  "The court may request an attorney to represent any person unable to afford counsel," *see* 28 U.S.C. § 1915(e)(1), but "[t]here is no constitutional or ... statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993); *accord Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).  The appointment of counsel in a civil proceeding is a privilege justified only in exceptional circumstances.  *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993).  Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are slim.  *Id.*

The decision to appoint counsel for an indigent litigant in a civil case is a matter vested within the broad discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987);

see *Lavado*, 992 F.2d at 60405.  A court generally will appoint counsel only in "exceptional circumstances."  *Id.* at 60506; *accord Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). To decide whether a case meets this standard, a court examines the pleadings and documents to assess the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims.  *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether there are exceptional circumstances] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help").

Considering Taylor's motion for appointment of counsel, including the type and nature of the case, its complexity, and Taylor's ability to prosecute his claim, counsel is not necessary at this time to ensure Taylor's claims are fairly heard.  *See Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).  The issues in this case are not complex, and the Consolidated Complaint's assertions do not demonstrate exceptional circumstances warranting appointment of counsel.  *See Kennedy v. Doyle*, 37 F. App'x 755, 757 (6th Cir. 2002).

Taylor appears to be able to litigate his case *pro se*, given that he filed the Consolidated Complaint and the Pending Motions.  Based on those filings, it appears that Taylor can prosecute his claims from prison.  Like all prisoners proceeding *pro se* before the Court, Taylor must familiarize himself with, and follow, the Court's Local Rules and the Federal Rules of Civil Procedure.

The motion for appointment of counsel (ECF No. 5) is DENIED, subject to Taylor's right to re-file a request for counsel if the case proceeds.

## V.   INJUNCTIVE RELIEF/TEMPORARY RESTRAINING ORDER

Taylor seeks an order that Wardlow protect and not punish him, that Wardlow enforce TDOC policies or that Wardlow transfer Taylor.  (ECF No. 4 at PageID 24.)  A Court must consider four factors in determining whether to issue a preliminary injunction: "(1) whether the claimant has demonstrated a strong likelihood of success on the merits, (2) whether the claimant will suffer irreparable injury in the absence of a stay, (3) whether granting the stay will cause substantial harm to others, and (4) whether the public interest is best served by granting the stay." *Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007).  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)).

Taylor has not shown the strong likelihood of success on the merits that would support issuance of a preliminary injunction.  Taylor's Consolidated Complaint has not survived PLRA screening.  He has not shown that his continued confinement at HCCF will result in irreparable injury.  He has not demonstrated that the remaining factors of the preliminary injunction standard have been met.  Taylor has not demonstrated that circumstances demand the preliminary injunction he seeks.

Taylor's Motion for Injunctive Relief (ECF No. 4) is DENIED.

## VI.    <u>AMENDMENT UNDER THE PLRA</u>

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).  Leave to amend should not be granted where a plaintiff cannot cure the deficiency in his complaint.  *See Gonzalez-*

*Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").  The Court GRANTS leave to amend Taylor's claims for failure to protect, denial of medical care, and wrongful discipline within 21 days of the date of this Order, and under the guidelines set forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of claims.  If Taylor decides to amend his claims, he shall: (1) comprehensively and particularly list, in one document, all defendants and all claims within this Court's jurisdiction; and (2) submit the amended complaint on the Court's official form:  Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983. (*See* https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf.)

An amended complaint supersedes the initial complaint and must be complete in itself without reference to the prior pleadings.  Taylor or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.  All claims alleged in the amended complaint must arise from the facts alleged in the complaint.

If Taylor fails to file an amended complaint in a timely manner, the Court will dismiss the Consolidated Complaint and enter judgment.  The Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996

F.3d 350, 353 (6th Cir. 2021).  The "three strikes" provision of § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

## VII.   CONCLUSION

For the reasons explained above:

A.    The claims in the Consolidated Complaint (ECF Nos. 1 & 2) for violations of TDOC policy are DISMISSED WITH PREJUDICE for failure to state a claim as a matter of law.  *See* § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

B.    The claims in the Consolidated Complaint for (1) failure to protect (2) denial of medical care, and (3) wrongful discipline are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

C.    Leave to amend claims dismissed without prejudice is GRANTED.  Taylor may amend his claims within twenty-one (21) days of the date of this Order, under the guidelines set forth *supra*.

D.    Taylor's motion for injunctive relief (ECF No. 4) is DENIED.

E.    Taylor's motion for appointment of counsel (ECF No. 5) is DENIED, subject to Taylor's right to re-file a motion seeking appointment of counsel if the case proceeds.

IT IS SO ORDERED, this 8th day of August, 2024.

   */s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE